# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA MORGAN, Surviving Co-Executrix and Co-Trustee Under the Last Will of Robert M. Mumma, Deceased, | |
| Plaintiff, | CIVIL ACTION NO. 1:21-cv-00711 |
| v. | (SAPORITO, M.J.) |
| ROBERT M. MUMMA, II, | |
| Defendant. | |

## **MEMORANDUM**

This federal civil action was commenced by the filing of a fee-paid notice of removal by the *pro se* defendant, Robert M. Mumma, II, on April 16, 2021. (Doc. 1.) The *pro se* defendant seeks to remove a state court action to this federal court, but it is not clear from the notice of removal which state court case he seeks to remove. The caption of the *pro se* notice of removal identifies two state court cases, No. 2014-7108 and No. 2018-10745. The body of the notice references the former case, No. 2014-7108 (*see* Doc. 1 ¶ 2), but also an exhibit which itself references only the latter case, No. 2018-10745 (*see* Doc. 1 ¶ 7; Doc. 1-1). The latter is an undated notice captioned "Sheriff's Sale of Personal Property," which indicates

that certain share certificates of D-E Distribution Corporation owned by the defendant are scheduled to be sold at a public auction on April 30, 2021. (Doc. 1-1.) Based on the caption of the sheriff's sale notice, the sale is being conducted in execution of a judgment entered in the latter case, No. 2018-10745. (*See id.*)

Reference to publicly available state court records reveals that both cases involve the same two parties—plaintiff Lisa Morgan and defendant Robert M. Mumma II—and the same forum court, the Court of Common Pleas of Cumberland County, Pennsylvania.[1] The 2014 case, No. 2014-07018, involves a $521,160.21 judgment against the defendant, which we have previously encountered in a prior removal action. *See Morgan v. Mumma*, Civil Action No. 1:15-CV-88, 2015 WL 2070227 (M.D. Pa. May 4, 2015) (remanding removed case to state court on plaintiff's motion), *appeal dismissed*, No. 15-2374 (3d Cir. Apr. 1, 2016); *see also Morgan v.*

---

[1] A district court, of course, may properly take judicial notice of state court records, as well as its own. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Ernst v. Child & Youth Servs. of Chester Cty.*, 108 F.3d 486, 498–99 (3d Cir. 1997); *Pennsylvania v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967). Here, we have referenced the publicly available civil docket records of the Court of Common Pleas of Cumberland County, Pennsylvania, which are available at https://www.ccpa.net/3805/Searchable-Civil-Records (last accessed Apr. 20, 2021).

*Mumma*, 698 Fed. App'x 61 (3d Cir. 2017) (affirming denial of untimely Rule 60(b) motion for reconsideration). The 2018 case, No. 2018-10745, involves a $1,615,290.91 judgment against the defendant, and it was commenced by writ of revival, reinstating an earlier judgment recorded in a 2006 case, No. 2006-02197. That 2006 case, in turn, appears to involve a judgment originally entered in a Florida state court. In each of these Pennsylvania state court cases, the publicly available court docket records indicate that the defendant was served with the initial pleadings shortly after each case commenced, and that he entered his appearance and actively defended his interests in each case.

In light of this ambiguity in the removing defendant's *pro se* notice of removal, we will direct him to file an amended notice of removal, which shall *clearly and unequivocally* identify the particular state court case he intends to remove to federal court. In addition, for the sake of clarity, the removing defendant will be directed to include with his amended notice of removal "a copy of all process, pleadings, and orders served upon" him in the state court action he seeks to remove. *See* 28 U.S.C. § 1446(a).[2] In

---

[2] The removal statute requires a removing defendant to file in federal court, together with his signed notice of removal, "a copy of all
*(continued on next page)*

addition to the sheriff's sale notice most recently served upon him, the removing defendant should also attach the initial praecipe or writ with which the plaintiff commenced the removed state court action—whether in 2018, 2014, or 2006—as well as any other documents or orders that were served upon him in connection with the removed state court action.

Moreover, we note that these publicly available state court records do not reflect the filing of a copy of the instant notice of removal in any of the aforementioned Pennsylvania state court cases,[3] and there is nothing

---

process, pleadings, and orders" served in the removed state action. 28 U.S.C. § 1446(a). The failure to file these exhibits, however, is not a jurisdictional defect, but a procedural defect that can be remedied by the removing defendant subsequent to filing the original removal notice. *See Efford v. Milam*, 368 F. Supp. 2d 380, 383 (E.D. Pa. 2005); *accord Walton v. Bayer Corp.*, 643 F.3d 994, 998–99 (7th Cir. 2011); *Mercado-Salinas v. Bart Enters. Int'l, Ltd.*, 669 F. Supp. 2d 176, 186 (D.P.R. 2009) (collecting cases); *Riggs v. Fling Irrigation, Inc.*, 535 F. Supp. 2d 572, 578–79 (W.D.N.C. 2008); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 399 F. Supp. 2d 340, 348 (S.D.N.Y. 2005).

[3] Although the removal statute requires a removing defendant to give written notice to all adverse parties and to file a copy of the notice of removal with the state court prothonotary, *see* 28 U.S.C. § 1446(d), this too is a procedural defect, which does not deprive this federal court of jurisdiction. *See Linden v. Chase Manhattan Corp.*, 52 F. Supp. 2d 387, 388–89 (S.D.N.Y. 1999) ("[T]he jurisdiction of the federal court attaches as soon as the petition for removal is filed with it, and . . . both state and federal courts have jurisdiction until the process of removal is completed."); *Mfr. & Traders Tr. Co. v. Harford Accident & Indem. Co.*, 434 F. Supp. 1053, 1055 (W.D.N.Y. 1977) ("[T]he filing of a copy of the

*(continued on next page)*

in the record before us to suggest that the removing defendant has otherwise served a copy of his *pro se* notice of removal upon the plaintiff or her counsel.[4] Therefore, we will direct the clerk to mail a copy of this order to the plaintiff's counsel of record in the various state court cases between these parties.

    An appropriate order follows.

Dated: April 20, 2021                               ***s/Joseph F. Saporito, Jr.***
                                                              JOSEPH F. SAPORITO, JR.
                                                              United States Magistrate Judge

---

petition for removal is a procedural and ministerial act, failure of which does not defeat the federal court's jurisdiction.").

    [4] In the absence of any contact information for the plaintiff in the notice of removal or attached exhibit, the clerk has marked the plaintiff on the docket as proceeding *pro se*, but it is clear from the state court records that she has in fact been represented by counsel in each of the Pennsylvania state court cases—George B. Faller Jr., Esq., of Carlisle, Pennsylvania. Attorney Faller has appeared in other cases involving these same parties before this court as well.